

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II | CIVIL ACTION NO: 1:22-cv-00075-JAW |
| Plaintiff | JUDGMENT OF FORECLOSURE AND SALE |
| vs. | RE: 125 Benson Road, West Gardiner, ME 04345 |
| Benjamin P. Campo, Esq., as Special Administrator of the Estate of Leslie Quinn and Jayme Quinn | Mortgage: August 13, 2007 Book 9476, Page 0267 |
| Defendants | |
| Midland Funding LLC | |
| Party-In-Interest | |

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on January 12, 2023. Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, was present and represented by Reneau J. Longoria, Esq. Jayme Quinn, did not appear; Party-In-Interest, Midland Funding LLC did not appear. Defendant. Benjamin P. Campo, Esq., as Special Administrator of the Estate of Leslie Quinn, appeared, and Consents to Judgment of Foreclosure and Sale.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED. Count II - Breach of Note, Count III - Breach of Contract, Money Had and Received, Count IV - Quantum Meruit, and Count V - Unjust Enrichment are hereby DISMISSED without prejudice at the request of the Plaintiff. JUDGMENT on Count I - Foreclosure is hereby ENTERED as follows:

1. If the Defendants or their heirs or assigns pay U.S. Bank Trust, N.A., as Trustee for

LSRMF MH Master Participation Trust II ("U.S. Bank") the amount adjudged due and

owing ($187,513.90) within 90 days of the date of the Judgment, as that time period is

calculated in accordance with 14 M.R.S.A. § 6322, U.S. Bank shall forthwith discharge the

Mortgage and file a dismissal of this action on the ECF Docket. The following is a

breakdown of the amount due and owing:

| Description | Amount |
| --- | --- |
| Principal Balance | $138,316.33 |
| Interest | $26,187.18 |
| Escrow Advance | $12,740.96 |
| Suspense Balance | $-545.71 |
| Late Charges | $127.60 |
| Rec Corp Adv Balance: | $10,687.54 |
| Grand Total | $187,513.90 |

2.  If the Defendants or their heirs or assigns do not pay U.S. Bank the amount adjudged

    due and owing ($187,513.90) within 90 days of the judgment, as that time period is

    calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of

    the West Gardiner Property shall terminate, and U.S. Bank shall conduct a public sale of

    the West Gardiner Property in accordance with 14 M.R.S.A. § 6323, disbursing the

    proceeds first to itself in the amount of $187,513.90 after deducting the expenses of the

    sale, with any surplus to be disbursed pursuant to Paragraph 5 of this Judgment, and in

    accordance with 14 M.R.S.A. § 6324. U.S. Bank may not seek a deficiency judgment

    against the Defendants pursuant to the Plaintiff's waiver of deficiency at trial.

3.  In the event that the Defendant, and anyone occupying the premises, do not vacate the

    property upon termination of his/her right to possession, U.S. Bank may reopen this

    matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S.

    Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this

    Judgment.

4.  Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification

after the appeal period has expired, certifying that the applicable period has expired

without action or that the final judgment has been entered following appeal.

5   The amount due and owing is $187,513.90.

6   The priority of interests is as follows:

> ● U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II
>
> has first priority, in the amount of $187,513.90, pursuant to the subject Note and
>
> Mortgage.
>
> ● Midland Funding LLC who has been defaulted, has the second priority behind the
>
> Plaintiff pursuant to a Writ of Execution dated January 15, 2019, in the amount of
>
> $656.80, and recorded in the Kennebec Registry of Deeds in Book 13150, Page 308.
>
> ● Benjamin P Campo, Esq., as Special Administrator of the Estate of Leslie Quinn
>
> and Jayme Quinn have the third priority behind the Plaintiff.

7.   The prejudgment interest rate is 4.25000%, *see* 14 M.R.S.A. § 1602-B, and the post-

judgment interest rate is .15%, *see* 28 U.S.C. § 1961.

8.   The following information is included in this Judgment pursuant to 14 M.R.S.A. §

2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II c/o Fay Servicing, LLC | Reneau J. Longoria, Esq. Doonan, Graves & Longoria, LLC 100 Cummings Center Suite 303C Beverly, MA 01915 |
| DEFENDANT |  |  |
|  | Benjamin P Campo, Esq., as Special Administrator of the Estate of Leslie Quinn Douglas Mc Daniel & Campo LLC, PA, 90 Bridge Street, Suite 100 Westbrook, ME 04092 | Pro Se |
|  | Jayme Quinn 125 Benson Road West Gardiner, ME 04345 | Pro Se |
| PARTIES-IN-INTEREST |  |  |
|  | Midland Funding LLC c/o Agent Corporation Service Company 45 Memorial Circle Augusta, ME 04330 | Pro Se |

a) The docket number of this case is No. 1:22-cv-00075-JAW.

b) All parties to these proceedings received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 125 Benson Road, West Gardiner, ME 04345, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 125 Benson Road, West Gardiner, ME 04345.  The Mortgage was executed by the Defendants, Jayme Quinn and Leslie Quinn on August 13, 2007.  The book and page number of the Mortgage in the

Kennebec Registry of Deeds is Book 9476, Page 0267.

e)   This judgment shall not create any personal liability on the part of the Defendants

but shall act solely as an in rem judgment against the property, 125 Benson Road,

West Gardiner, ME 04345.

**SO ORDERED**

DATED THIS 12ᵗʰ DAY OF January , 2023          _____
                                                                        **U.S. DISTRICT JUDGE**